**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

IN RE:

BARBARA L. NAGELEISEN                                              CASE NO. 14-20862

DEBTOR

THE BANK OF KENTUCKY, INC.                                         PLAINTIFF

V.                                                                 ADVERSARY CASE NO. 14-2009

BARBARA L. NAGELEISEN, ET AL.                                      DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court on the Bank of Kentucky's motion for judgment on the pleadings. In this adversary proceeding, the Bank of Kentucky (Plaintiff) seeks a declaratory judgment that two tracts of real property in which Debtor claims a one-half interest are not property of Debtor's estate, but property of a family partnership in which Debtor is a partner. Further, Plaintiff seeks a determination that a judgment debt, owed to Plaintiff on account of a default judgment finding that the Defendants engaged in a series of transactions to defraud the Bank, is nondischargeable. For the reasons set forth below, the Motion will be denied.

Standard of Review

"'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007)). On a motion for judgment on the pleadings, the Court may look only to the facts contained in the pleadings and judicially noticeable facts.

*Weiner v. Klais & Co.,* 108 F.3d 86, 88-89 (6th Cir. 1997).  "'[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true.'"  *Tucker*, 539 F.3d at 549 (quoting *JPMorgan Chase Bank*, 510 F.3d at 581).  All allegations of the moving party which have been denied by the opposing party are taken as false.  *Insight Commc'ns Co. v. Telecomms. Bd. of N. Ky.*, No. Civ.A. 05-142-DLB, 2006 WL 208828, at *2 (E.D. Ky. Jan. 25, 2006).  Therefore, the following facts are taken from Debtor's answer and from the admitted allegations of Plaintiff's complaint.

Facts and Procedural History

Prior to Debtor's bankruptcy, Debtor was a member of the Nageleisen Family Limited Partnership (the "Partnership"), a partnership organized under Kentucky law and dissolved on February 4, 2013.  During the Partnership's existence, the Partnership received various loans from the Bank of Kentucky, none of which were secured by the pieces of property at issue in this adversary proceeding.  In 2013, the Partnership transferred title in the real property located at 10324 Decoursey Pike, Ryland Heights, Kentucky, to Debtor and her husband, Alan Nageleisen.  Plaintiff then filed suit against Debtor, Alan Nageleisen, and the Partnership in Kenton County Circuit Court, alleging that the transfer of the Decoursey Pike property was a fraudulent conveyance.

On December 15, 2013, Debtor filed her first Chapter 13 petition in this Court, staying the state-court action.  On January 16, 2014, Debtor dismissed that Chapter 13 case on the basis of Plaintiff's representation that it would forbear from seeking judgment in the state-court action and attempt to settle with Debtor and her husband.  However, on January 31, 2014, according to the Debtor, Plaintiff permitted a default judgment to be entered in its favor in the state-court action.

The state court found that on January 3, 2013, the Partnership conveyed title to the Decoursey Pike property to Debtor's son, without consideration and for the purpose of defrauding Plaintiff.  Specifically, the state court found:

> The Certification of Consideration on the Deed expressly states that the property was worth $90,000, and that it was being conveyed as an alleged "gift" to Kyle [Debtor's son] and without consideration;
>
> According to the Kenton County PVA, the transfer of 10324 Decoursey from the Family Partnership to Kyle was not an arms-length transaction, because the property was "gifted" to Kyle and was transferred without adequate consideration provided in exchange;
>
> Alan, Barbara, the Family Partnership, and another defendant all engaged in fraud by conveying the real property and improvements located at 10324 Decoursey from the Family Partnership to Kyle without consideration to defraud creditors.  Alan, Barbara, the Family Partnership, and another defendant agreed to and did act in concert and participation with one another to transfer the real property and improvements located at 10324 Decoursey Pike to Kyle for the purpose of defrauding BOK;
>
> As a direct and proximate result of the fraudulent transfer and acts of Alan, Barbara, and the Family Partnership, BOK has been damaged in the amount of Ninety Thousand Dollars ($90,000.00), which is the value of the property fraudulently transferred according to the Certification of Consideration completed and filled out by the Defendants, and judgment is hereby entered in favor of BOK and against Alan, Barbara, and the Family Partnership, jointly and severally in the amount of Ninety Thousand Dollars ($90,000.00);
>
> . . .
>
> Alan, Barbara, the Family Partnership, and another defendant all violated KRS §§ 378.010 & 378.020 by transferring 10324 Decoursey without consideration and with the intent to defraud BOK.

[AP Doc. 33-17 at 10-11.][1]  The state-court default judgment found that after the Partnership transferred the Decoursey Pike property to Debtor's son, the son transferred the Decoursey Pike property back to the Partnership, which then transferred the property to Debtor and her husband. As a result, the judgment provided:

> Based upon the Complaint and the record before the Court, it is hereby **ORDERED, ADJUDGED and DECREED,** that the series of transfers from the

---

[1] References to the docket in this adversary proceeding appear as [AP Doc. ___]. References to the docket in the Debtor's main bankruptcy case appear as [Bk. Doc. ___].

3

> Family Partnership to Kyle and then from Kyle back to the Family Partnership
> and then from the Family Partnership to Alan and Barbara were fraudulent and
> violated KRS §§ 378.010; 378.020; 378.060 and 378.070 and that all of the
> foregoing transfers are hereby rescinded. Title to 10324 Decoursey shall forthwith
> be quieted in the name of the Nageleisen Family Limited Partnership and as
> against Alan R. Nageleisen, Barbara L. Nageleisen, and Kyle Nageleisen, and title
> to 10324 Decoursey shall forthwith be solely and exclusively vested in the
> Nageleisen Family Limited Partnership, free, clear and unencumbered of any and
> all claims, rights, title or interest of Alan R. Nageleisen, Barbara L. Nageleisen,
> Kyle Nageleisen, and any person or entity claiming thereunder, and that all such
> interests are hereby terminated.

[AP Doc. 33-17 at 13-14.] Accordingly, it quieted title to the Decoursey Pike property in the name of the Partnership. At no time did the Debtor seek to set aside or vacate the January 31, 2014 state-court default judgment.

On June 2, 2014, Debtor filed a Chapter 7 petition. On her schedule of assets, she lists a one-half interest in the Decoursey Pike property. Debtor also lists a one-half interest in a 32-acre farm on 11480 Staffordsburg Road, Independence, Kentucky, "legal title held in name of Nageleisen Family Limited Partnership." [Bk. Doc. 1 at 9.] Debtor also lists her interest as partner in the Partnership, which she values at $0.

Thereafter, Plaintiff filed this adversary proceeding, seeking determinations that the Decoursey Pike and Staffordsburg Road properties are not property of Debtor's estate, and that Debtor's judgment debt to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6). Debtor filed an answer. After that filing, Plaintiff moved for judgment on the pleadings. The Court set Plaintiff's motion for hearing, and set a deadline for Debtor to file a response to the motion. Debtor did not timely file a response, and filed an affidavit in opposition to the motion after the time to respond passed.[2] The Court subsequently heard oral argument and took the motion under submission.

---

[2] Here, the Debtor did not timely file any opposition to the Motion as required by the Court's scheduling order. Thereafter, she filed an "Affidavit" [AP Doc. 26] without explanation. In considering whether to convert Plaintiff's

After the Court took the matter under submission, Plaintiff and the Chapter 7 Trustee filed a joint motion for emergency relief from stay in Debtor's main bankruptcy case to sell various pieces of property, including the two properties in dispute in this adversary proceeding, at a foreclosure sale scheduled for November 25, 2014. The joint motion provided that proceeds from the sale of those properties would be held in escrow pending further order from this Court upon the resolution of the adversary proceeding. The Court granted the Trustee's motion.

Analysis

    A. The Decoursey Pike Property

Plaintiff seeks a declaratory judgment determining that the Decoursey Pike property is not property of the estate. Plaintiff contends in its motion on the pleadings that the state-court judgment which quieted title to the Decoursey Pike property in the partnership precludes Debtor from claiming the Decoursey Pike property as property of the estate.

"In determining whether to accord preclusive effect to a state-court judgment . . . 'a federal court must give to a state-court judgment the same preclusive effect as would be given to that judgment under the law of the State in which the judgment was rendered.'" *Rally Hill Prods. v. Bursack (In re Bursack)*, 65 F.3d 51, 53 (6th Cir. 1995) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Kentucky law on preclusion, therefore, controls the preclusive effect this Court accords to the state-court quiet title judgment.

Kentucky recognizes two kinds of preclusion–claim preclusion (or res judicata) and issue preclusion (or collateral estoppel). *See Miller v. Admin. Office of Courts*, 361 S.W.3d 867, 871-73 (Ky. 2011). "Claim preclusion bars a party from relitigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action. Issue preclusion bars the

---

motion to a motion for summary judgment (*see* Fed. R. Civ. P. 12(d), incorporated by reference by Fed. R. Bankr. P. 7012), the Court reviewed the Affidavit and finds that the "facts" stated therein merely supplement the assertions in the Debtor's answer and add no facts relevant to the disposition of Plaintiff's Motion.

5

parties from relitigating any issue actually litigated and finally decided in an earlier action." *Yeoman v. Commonwealth Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998) (citations omitted). Plaintiff does not state, in its motion, upon which theory of preclusion it relies, but the Court takes Plaintiff to rely on issue preclusion. Plaintiff's cause of action under § 541 was clearly not "previously adjudicated" by the state court in Plaintiff's fraudulent conveyance suit. *Id.* Rather, at most, the state court's decision on the issue of title to the Decoursey Pike property is preclusive in this § 541 action.

The elements of offensive issue preclusion (that is, issue preclusion asserted by a plaintiff) in Kentucky, as recently recapitulated by the district court, are as follows:

> An earlier case only bars subsequent litigation over issues that (1) are the same as the issues now presented, (2) were actually litigated, (3) were actually decided, and (4) were necessary to the prior court's judgment. . . . [B]efore issue preclusion will stick against a current defendant who lost earlier . . . [t]wo further elements must be met: (5) the defendant must have had a "realistically full and fair opportunity to litigate the issue," and (6) preclusion must be consistent with "principles of justice and fairness."

*Columbia Gas Transmission, LLC v. Raven Co., Inc.*, Civil No. 12-72-ART, 2014 WL 2711943, at *4 (E.D. Ky. June 13, 2014) (citation omitted) (quoting *Berrier v. Bizer*, 57 S.W.3d 271, 281 (Ky. 2001)). In order for Plaintiff to satisfy the first element of issue preclusion–identity of issues–Plaintiff must show that the state court's decision quieting legal title to the Decoursey Pike property in the Partnership answers whether the estate has any interest in the property under § 541. Plaintiff cannot make that showing, because the property interests encompassed by § 541 are not limited to legal title.

Section 541 states that the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Possessory interests are among the property interests included. *See Convenient Food Mart No.*

*144, Inc. v. Convenient Indus. of Am., Inc.*, 968 F.2d 592, 594 (6th Cir. 1992). And, as this Court has recently held, the possessory interest in property of a debtor who lacks legal title to that property is property of the estate. *See Litzinger v. Farmers Deposit Bank (In re Shaw)*, Ch. 12 Case No. 11-30032, Adv. No. 11-3003, 2012 WL 1190695, at *2 (Bankr. E.D. Ky. Apr. 9, 2012) (holding that a possessory interest in a farm to which a debtor had transferred title was property of the estate); *In re Thorpe*, Ch. 13 Case No. 10-52156, 2011 WL 671935, at *2 (Bankr. E.D. Ky. Feb. 16, 2011) (holding that a possessory interest in a mobile home a debtor rented was property of the estate).

The state-court judgment, while preclusively quieting legal title to the Decoursey Pike property in the Partnership, did not address any possessory interest that Debtor–whose schedules indicate she resides at the property–may have. Therefore, the issue the state court decided is not identical to the issue of whether the estate has an interest under § 541 in the Decoursey Pike property. Plaintiff is not entitled to judgment on the pleadings on this count.

    B.  <u>The Staffordsburg Road Property</u>

Plaintiff seeks a declaratory judgment that the Staffordsburg Road property is not property of the estate. Here, Plaintiff does not rely on the state-court judgment, but on Debtor's own schedules, which state that the Staffordsburg Road property is titled in the name of the Partnership. In her answer, Debtor does not dispute that the Staffordsburg Road property is so titled, but alleges that the Partnership has been dissolved.

Taking that allegation as true, the mere fact of the Partnership's dissolution does not automatically vest ownership of the Partnership's assets in the Debtor. As Plaintiff argues in its motion, a partnership continues to exist after dissolution, under Kentucky law, for the purpose of winding up its affairs and distributing its assets to its partners or its creditors. *See* Ky. Rev. Stat.

7

§ 362.2-803. Debtor has not alleged that the Partnership distributed its legal title in the Staffordsburg Road property to her. Absent such a distribution, legal title in the Staffordsburg Road property remains in the Partnership. Legal title to the Staffordsburg Road property is not property of Debtor's estate.

However, as discussed above, § 541 interests are not limited to legal title. While legal title to the Staffordsburg Road property is not property of Debtor's estate, Debtor may have other interests in the property that are. Therefore, Plaintiff is not entitled to judgment on the pleadings on whether the Staffordsburg Road property is, in any respect, property of Debtor's estate.

C. <u>Nondischargeability of the Money Judgment</u>

Finally, Plaintiff seeks a determination that the $90,000 judgment debt created in the state-court action is nondischargeable under § 523(a)(6) of the Code because it is a debt for a willful and malicious injury. Plaintiff contends that the judgment was for Debtor's intentionally fraudulent conveyance of the Decoursey Pike property, that the state court's determination that Debtor transferred the Decoursey Pike property with intent to defraud creditors has issue-preclusive effect in this proceeding, and that the state court's finding that Debtor intended to defraud creditors satisfies the willfulness and malice elements of § 523(a)(6).

Section § 523(a)(6) excepts from discharge "any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). To prevail on its motion for judgment on the pleadings on this count of Plaintiff's complaint, Plaintiff must show it is clearly entitled to judgment on the following questions: (1) that Debtor owes Plaintiff a debt, (2) that Debtor willfully and maliciously injured Plaintiff or its property, and (3) that the debt owed to Plaintiff is for that willful and malicious injury.

The state-court judgment plainly created a debt in favor of Plaintiff. The parties dispute, however, whether the judgment contains a finding of willful and malicious injury entitled to preclusive effect in this adversary proceeding. Plaintiff argues that the state court's findings that Debtor conveyed the Decoursey Pike property to her son with the intent to defraud Plaintiff, and that the conveyance injured Plaintiff, add up to a finding that Debtor willfully and maliciously injured Plaintiff. Further, Plaintiff argues that these findings of the state court have issue-preclusive effect. Debtor disputes this.

As reviewed above, issue preclusion under Kentucky law principally requires that the issue on which preclusion is sought and the issue addressed in the prior case are the same, that the issue was actually litigated in the prior case, actually decided in the prior case, and necessary to the prior court's judgment. The requirement that the issue be necessary to the judgment presents an obstacle to preclusion in this case.

Plaintiff argues that the state court's finding of fraudulent intent is tantamount to a finding of willful and malicious injury. Assuming this *arguendo*, the state court's finding of fraudulent intent must have been necessary to its judgment. It was not. The state court found that Debtor's transfer of the Decoursey Pike property to her son was a fraudulent conveyance on two alternate theories. It first found that Debtor conveyed the Decoursey Pike property without consideration, in violation of Ky. Rev. Stat. § 378.020, which voids constructively fraudulent transfers. It then found that Debtor conveyed the Decoursey Pike property with the intent to defraud creditors in violation of and Ky. Rev. Stat. § 378.010, which voids intentionally fraudulent transfers. Finally the Court found that Plaintiff was damaged by "the fraudulent transfer and acts" of the Debtor in the amount of $90,000–the value of the transferred property– and entered judgment in that amount.

9

Nothing in the state court's judgment supports a conclusion that the court's finding of fraudulent intent was necessary to its money judgment in Plaintiff's favor. The judgment states that it results from the Debtor's fraudulent transfer of the property. The court's finding that Debtor conveyed the property without consideration in violation of § 378.020 was sufficient to support the court's finding that the conveyance was a fraudulent transfer, and thereby sufficient to support the money judgment. No particular reference to Debtor's fraudulent intent is to be found in the court's money judgment. Further, the damages the court awarded were compensatory, not punitive, blocking an inference that a finding of bad intent was necessary to the damages award.

Though the state court's alternative finding of fraudulent intent was logically unnecessary to its judgment, not all courts agree on whether alternative findings are necessary in the sense required for issue preclusion. Many jurisdictions, following the Second Restatement of Judgments, never treat alternative findings as preclusive.[3] The Second Restatement reasons that alternative findings may not be as carefully considered as findings solely necessary to a court's judgment, and that losing parties will lack incentive to appeal erroneous alternative findings when a judgment is supported by correct alternative findings, teaches that alternative findings. *See* Restatement (Second) of Judgments § 27 cmt. i (1982). Other jurisdictions,[4] however, follow the First Restatement of Judgments, which recommended giving preclusive effect to alternative findings, so long as "either alone would have been sufficient to support the judgment." Restatement (First) of Judgments § 68 cmt. n (1942).

---

[3] *See, e.g.*, *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 328 (4th Cir. 2004); *Beaver v. John Q. Hammons Hotels, L.P.*, 138 S.W.3d 664, 667-70 (Ark. 2003); *Turney v. O'Toole*, 898 F.2d 1470, 1472 n.1 (10th Cir. 1990).

[4] *See, e.g.*, *Transnation Title Ins. Co. v. Livingston (In re Livingston)*, 368 B.R. 610, 621 (Bankr. E.D. Mich. 2007) (predicting Michigan would follow the First Restatement); *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 253-55 (3d Cir. 2006); *Trone v. Smith (In re Westgate-Cal. Corp.)*, 642 F.2d 1174, 1176-77 (9th Cir. 1981).

While many jurisdictions have adopted one of the all-or-nothing approaches of the Restatements, a number of jurisdictions have attempted to craft hybrid approaches that are sensitive to the concerns animating the Second Restatement's rule, but that give preclusive effect to alternative findings when those concerns are allayed.  The Sixth Circuit, for example, will not give preclusive effect to a federal judgment's alternative finding if that finding is secondary to an alternative ground that is "clearly primary."  *Nat'l Satellite Sports, Inc. v. Eliadis*, *Inc.*, 253 F.3d 900, 909 (6th Cir. 2001).  The Second Circuit, while generally following the First Restatement, has held that exceptions from that rule are appropriate where there is a real "concern that an issue not essential to the prior judgment may not have been afforded . . . careful deliberation and analysis."  *Williams v. Ward*, 565 F.2d 1143, 1154 (2d Cir. 1977) (Friendly, J.) (internal quotation marks omitted).  Wright and Miller "suggest that preclusion should arise from . . . alternative findings only if a second court can determine without extended inquiry that a particular finding reflects a careful process of decision."  18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4421 (2d ed. 1987).

As explained above, the preclusive effect a Kentucky court's alternative findings receive is a question of Kentucky law.  The Kentucky courts have not addressed this question.  "As a federal court faced with resolving an undecided question of state law, this Court 'must make the best prediction, even in the absence of direct state precedent, of what the [Kentucky] Supreme Court would do if it were confronted with the question.'"  *In re Livingston*, 368 B.R. at 621 (quoting *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004)) (alteration omitted) (predicting how Michigan would treat the preclusive effect of alternative findings).

This Court concludes that were it faced with the issue, the Kentucky Supreme Court would at least decline to give preclusive effect to an alternative finding when that finding is

11

conclusory and the court's other finding is supported by an expressed factual basis.  In describing certain findings as "conclusory," the Court uses the term in its technical sense, to denote "expressing a factual inference without expressing the fundamental facts on which the inference is based."  Bryan A. Garner, *A Dictionary of Modern Legal Usage* 191 (2d ed. 1995).

First, declining to give preclusive effect to conclusory alternative findings is consistent with Section 27 of the Second Restatement, on which the Kentucky Supreme Court relied in crafting state law on issue preclusion.  *See Yeoman*, 983 S.W.2d at 465 (relying on Section 27 in announcing Kentucky's four-part test for issue preclusion).  Second, what can be gleaned from Kentucky cases suggests that Kentucky would not give preclusive effect to a conclusory finding that is alternative to a non-conclusory finding.  Kentucky declines to apply issue preclusion offensively where the party to be bound "lack[ed] . . . incentive to litigate in the prior action . . . or appeal an adverse decision."  *Bd. of Educ. of Covington v. Gray*, 806 S.W.2d 400, 402-03 (Ky. Ct. App. 1991).  This will usually be the case of conclusory alternative findings, because a party will lack incentive to litigate or appeal a conclusory finding where an alternative finding is supported by underlying factual findings and is sufficient to support a judgment.

The Court need not predict whether Kentucky would go farther and adopt the Second Restatement's rule because here, the judgment at issue contains alternative findings, only one of which is conclusory.

The state court's judgment awarding damages for Debtor's fraudulent conveyance rested on two legal theories–constructive fraud and actual fraud.  The former rested soundly on the finding that the Decoursey Pike property was "gifted" to Debtor's son without consideration.  This is all that is required for a finding of a fraudulent transfer under Ky. Rev. Stat. § 378.020.  The latter rested on a bare assertion of fraudulent intent, without expressly setting forth facts

which support this finding.[5]  In the absence of the soundly supported finding of constructive fraud, the state court might have been reluctant to enter, without hearing evidence, a default judgment that found fraudulent intent in such a cursory fashion.  However, because the finding of constructive fraud was factually supported, further review of the finding of fraudulent intent may have seemed unnecessary.  Likewise, Debtor lacked incentive to appeal the court's finding of fraudulent intent, since the factually supported finding of a constructively fraudulent transfer was sufficient to support the court's judgment.  In these circumstances, it would be both unfair and imprudent to give the state court's finding of fraudulent intent preclusive effect in this proceeding.

Accordingly, the Court holds that the state court's finding of fraudulent intent was not necessary to the state court's judgment under Kentucky law, and that finding will not be given preclusive effect.  As a result, it is unnecessary to consider whether other elements of Kentucky's test for issue preclusion are met.  Plaintiff is not entitled to judgment on the pleadings on the question of willful and malicious injury, and therefore not entitled to judgment on the pleadings on the nondischargeability count of its complaint.

A separate order in conformity herewith will be entered.

---

[5] In Kentucky, actual fraud under Ky. Rev. Stat. § 378.010 must be established by clear and convincing evidence unless sufficient badges of fraud are shown and the defendant fails to prove that the transaction was fair and without fraudulent intent.  *Russell Cnty. Feed Mill, Inc. v. Kimbler,* 520 S.W.2d 309, 311 (Ky. 1975).

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Tuesday, December 30, 2014
(tnw)